IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 28, 2010

## STATE OF TENNESSEE  v. TIMOTHY ALLEN SUMNER

**Appeal from the Criminal Court for Sullivan County**
**No. S54,381      Robert H. Montgomery, Jr., Judge**

_____

**No. E2009-01630-CCA-R3-CD - Filed May 27, 2010**

_____

The defendant, Timothy Allen Sumner, appeals from the order of the Criminal Court of Sullivan County revoking his probation. On appeal, he claims that the evidence supported neither the trial court's revocation of probation nor the resulting order that he serve his sentence in confinement. Upon our review, we affirm the order of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and J.C. MCLIN, J., joined.

Stephen M. Wallace, District Public Defender; and Deborah Lonon, Assistant Public Defender, for the appellant, Timothy Allen Sumner.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Amber D. Massengill, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Charged with the possession of a Schedule III controlled substance with intent to sell or deliver, a Class D felony, the defendant pleaded guilty on March 23, 2009, to the misdemeanor offense of simple possession and agreed to a suspended sentence of 11 months and 28 days and the payment of a $750 fine. On May 28, 2009, the State procured a probation-violation arrest warrant for the defendant. It averred that the defendant violated his probation by committing new offenses, including a drag race which posed a threat to other persons. On July 15, 2009, following a hearing, the trial court revoked the defendant's probation and ordered him to serve his sentence in confinement.

In the revocation hearing, Christie Bowman testified that on the afternoon of May 23, 2009, she was driving her car in the "far right lane" on East Stone Drive in Kingsport. In her rearview mirror, she saw "out of nowhere" two vehicles approaching her rapidly – a green "Camaro or something" and an orange Neon. The green car was in the lane to her left, and the Neon appeared to be trying to squeeze between her car and the green car, prompting Ms. Bowman to steer her car further to the right and stop. She testified that she heard a "big boom" and saw the green car "tail spinning," hitting a convertible, and stopping. The driver of the orange Neon then "goosed his engine up and was out of sight in no time." Ms. Bowman testified that she had stopped because she was "so scared" and was "shaking to death." Ms. Bowman testified that a child was riding in the convertible that was struck. Ms. Bowman called 9-1-1.

Kingsport Police Officer Jeff Kendrick testified that he went to the scene of the accident on Stone Drive in Kingsport and saw a Chevrolet Corvette in the middle emergency lane of the roadway. The car had "heavy frontend damage" and had apparently collided with a green Camaro that was sitting on the shoulder of the road. Officer Kendrick determined from his investigation that he had cause to arrest the female driver of the green Camaro and that the orange Neon that left the scene bore a license plate that was registered to the defendant. Officer Kendrick testified that he called the defendant by telephone and arranged a meeting with him. In the meeting, the defendant admitted that he was driving the orange Neon and that the driver of the green Camaro "revv[ed] her motor up at Stone and Lynn Garden wanting to race." Officer Kendrick testified that the defendant denied racing or knowing about an accident. Officer Kendrick testified that the intersection of Stone and Lynn Garden was about a mile from the accident scene. He testified that the defendant admitted that he had no insurance coverage on the Neon.

Tracy Arnold, the defendant's probation officer, testified that the defendant's probation rules required his obedience to all applicable laws and his refraining from "assaultive, abusive, threatening or intimidating behavior."

Following this testimony and the argument of counsel, the trial court found that the statements attributed to the defendant that he was unaware of the collision were not credible. The court reviewed the circumstances of the vehicles' movements and the collision as related by Ms. Bowman and found that the defendant was not truthful with the officer "about the fact that he didn't know the crash occurred and that he's the proximate cause of the crash." The court found that the defendant was "reckless in his actions on that day and posed a risk of danger to himself as well as to the other people on the road." Based upon that finding, the court revoked the defendant's probation and ordered the defendant to serve his original sentence.

On appeal, the defendant claims that the evidence supported neither the decision to revoke probation nor the determination that the defendant should serve his sentence in confinement.

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." T.C.A. § 40-35-311(e) (2006); *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310. The revoking court may extend the period of probation supervision for a period not to exceed two years. *Id.* § 40-35-308(c).

The decision to revoke probation rests within the sound discretion of the trial court, and this court will not disturb the trial court's ruling in the absence of a showing that the trial court abused that discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). "In order for a reviewing court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *Harkins*, 811 S.W.2d at 82 (citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Relief will be granted only when "'the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved.'" *Shaffer*, 45 S.W.3d at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

Upon finding a violation, the trial court may "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." T.C.A. § 40-35-311(e). Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310. The trial court also retains the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

In the present case, Ms. Bowman's testimony established by a preponderance of the evidence that the defendant was engaged in a race with the female driver of the green Camaro and that the combined actions of the defendant and the Camaro driver endangered not only themselves but other persons on Stone Drive as well. Based upon this testimony, the trial court acted within its discretion in determining that the defendant violated the terms of his probation. We defer to the trial court's assessment of credibility and to the inferences

of fact it drew from the evidence.

Further, the court had the discretion to order the defendant to serve his misdemeanor sentence in confinement. The record showed that the trial court acted conscientiously in ordering confinement. The defendant engaged in violations of the law and of his rules of probation only two months following the entry of his guilty plea.

Accordingly, we affirm the order of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE